# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

Case No. 22-1056

JOHN DOE
*Plaintiff-Appellant*

v.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY
*Defendant-Appellee*

_____

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MASSACHUSETTS
IN ACTION NO. 1:21-CV-12060-RGS

_____

BRIEF FOR DEFENDANT-APPELLEE MASSACHUSETTS INSTITUTE OF
TECHNOLOGY

Date: May 11, 2022

Scott A. Roberts (First Circuit No. 6866)
*sroberts@hrwlawyers.com*
Mark Macchi (First Circuit No. 1185139)
*mmachi@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
(617) 348-4300

## <u>RULE 26.1 DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, Massachusetts Institute of Technology

("MIT" or "the Institute") hereby states it has no parent corporation and that no

publicly held corporation owns 10% or more of its stock.

# **TABLE OF CONTENTS**

RULE 26.1 DISCLOSURE STATEMENT................................................. i

TABLE OF CONTENTS......................................................... ii

TABLE OF AUTHORITIES ................................................. iii

STATEMENT OF THE ISSUE PRESENTED ....................................... 1

CONCISE STATEMENT OF THE CASE ......................................... 1

    I.    Relevant Facts Concerning Underlying Sexual Misconduct
        Determination. ..................................................... 1

    II.   Relevant Procedural History. ......................................... 3

SUMMARY OF ARGUMENT ................................................. 5

ARGUMENT ............................................................. 6

    I.    Standard Of Review. ................................................ 6

    II.   The District Court Properly Denied Appellant's Motion To Proceed
         Pseudonymously.................................................. 10

    III.  Appellant's Arguments in Reliance on Decisions of Other Circuits
         and District Courts are Misplaced and Fail to Identify Any Error in the
         District Court's Decision.......................................... 14

    IV.  Amici Briefs ....................................................... 16

CONCLUSION ............................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Benenson v. Comm'r of Internal Revenue*, 887 F.3d 511 (1st Cir. 2018) ..............16

*Dismukes v. Brandeis Univ.*, No. 21-1409 (1st Cir. Apr. 19, 2022)...................8, 10

*Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710 (7th Cir. 2011)....................9

*Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418 (D. Mass. 1995)................12

*Doe v. Colgate Univ., et al.*, No. 5:17-CV-1298 (FJS/ATB) (N.D. N.Y. Nov. 27, 2017)............................................................................................................15

*Doe v. Coll. of New Jersey*, 997 F.3d 489 (3d Cir. 2021)........................................8

*Doe v. Harvard Univ., et al.*, Civ. A. No. 18-cv-12150 (D. Mass. Oct. 15, 2018) .15

*Doe v. Massachusetts*, No. CV 21-12034 NMG, 2022 WL 847151 (D. Mass. Mar. 22, 2022) ...............................................................................................14

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) .............................................................9

*Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014) ...................................................8

*Doe v. Univ. of Arkansas*, 713 Fed. App'x 525 (8th Cir. 2018)...............................9

*Doe v. Word of Life Fellowship, Inc.*, No. 11-40077-TSH, 2011 WL 2968912 (D. Mass. Jul. 18, 2011)......................................................................................15

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) .........9

*F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404 (1st Cir. 1987)......................11

*Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508 (1st Cir. 2009)................7

*Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34 (1st Cir. 2012) ...................10

*In re Josephson*, 218 F.2d 174 (1st Cir. 1954) .......................................................11

*In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238 (11th Cir. 2020)........................10

*LeGoff v. Trustees of Boston Univ.*, 23 F. Supp. 2d 120 (D. Mass. 1998) ..............19

*Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118 (10th Cir. 1979) .......................10

*MacInnis v. Cigna Grp. Ins. Co. of Am.*, 379 F.Supp.2d 89 (D. Mass. 2005)........12

*Nat'l Org. for Marriage v. McKee*, 649 F.3d 34 (1st Cir. 2011).................... 11, 12

*Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir. 2011) .........................................18

*Schubert v. Nissan Motor Corp. in U.S.A.*, 148 F. 3d 25 (1st Cir. 1998)...............11

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) ........................8

*Siedle v. Putnam Invs., Inc.*, 147 F.3d 7 (1st Cir. 1998).........................................12

*U.S. v. Billmyer*, 57 F.3d 31 (1st Cir. 1995) .............................................................7

*U.S. v. Mitchell*, 432 F.2d 354 (1st Cir. 1970)........................................................17

**Rules**

Fed. R. App. P. 28(b)(3) .......................................................................................1

Fed. R. Civ. P. 10(a).................................................................................. 6, 7, 17

## STATEMENT OF THE ISSUE PRESENTED

Whether the District Court acted within its discretion and without legal error in denying Plaintiff's Motion to Proceed Under Pseudonym ("Pseudonym Motion"), where Appellant failed to identify a compelling reason to contravene the strong presumption in favor of openness in judicial proceedings.[1]

## CONCISE STATEMENT OF THE CASE

Because MIT is dissatisfied with Appellant's Statement of the Case, it hereby submits the following pursuant to Fed. R. App. P. 28(b)(3).

## I.   Relevant Facts Concerning Underlying Sexual Misconduct Determination.

On January 26, 2016, Jane Roe filed a complaint with MIT's Title IX Office alleging that Appellant engaged in nonconsensual sexual contact and nonconsensual sexual intercourse with Jane Roe on February 27, 2015.  *See* App. at p. A24 (¶ 48).  Following the filing of Jane Roe's complaint, MIT's Title IX

---

[1]    Appellant asserts in his Statement of Issue Presented for Review that the District Court "den[ied] pseudonym treatment to John Doe and Jane Roe," with Jane Roe referring to the individual who accused Appellant of sexual misconduct. *See* Brief and Addendum for Plaintiff-Appellant ("Appellant Brief") at p. 5.  The Pseudonym Motion, however, only requested that Appellant be afforded the ability to proceed under pseudonym; it did not seek to apply pseudonym status to Appellant's accuser, referred to herein as "Jane Roe."  *See* Appendix for Plaintiff-Appellant ("App.") at p. A39.  Further, the District Court's Order on the Pseudonym Motion ("Pseudonym Order"), did not address whether Jane Roe would be afforded pseudonym status.  *See* Appellant Brief at p. ADD1.  Therefore, the issue of whether a pseudonym may be appropriately applied to Jane Roe is not before this Court for review.

1

Office conducted an investigation, which included interviews with Appellant, Jane

Roe, and other students, as well as the review of various documents. *Id.* at p. A24

(¶ 49). Doe selected an advisor, and he met twice with the investigators. *Id.* at p.

A24 (¶ 50).

On April 25, 2016, MIT held a hearing concerning the allegations against

Appellant before a three-member panel of the Institute's Committee on Discipline

(the "Committee"), which reviews cases of academic offenses, violations of

Institute regulations and standards, and other infractions alleged to have been

committed by students. *Id.* at pp. A12–A13, A25 (¶¶ 18, 53). After the hearing,

the Chair of the Committee sent Appellant a letter on April 27, 2016, informing

him that he had been found responsible for nonconsensual sexual contact,

nonconsensual sexual intercourse, and sexual harassment in his interactions with

Jane Roe, and that his sanction was expulsion. *Id.* at p. A25 (¶ 53).[2] Appellant

filed with MIT an appeal of the sanction, arguing that the evidence did not support

the panel's finding and that the sanction of expulsion was "extreme." *Id.* at pp.

A25–A26 (¶ 54). In his appeal, Appellant asserted that if he had known that Jane

---

[2]     MIT's Mind and Hand Book provided that the Committee "has the authority
to impose any sanction it deems appropriate," and that "[t]he sanctions of
disciplinary suspension and disciplinary expulsion will be strongly considered
when a student is found to have violated any part of the nonconsensual contact,
nonconsensual sexual penetration, sexual exploitation, or retaliation provisions of
this policy; and for severe violations of the sexual harassment provision. *Id.* at pp.
A12–A13 (¶¶ 17, 18).

Roe "was in fact asleep, [he] would certainly not have engaged in sexual activities with her." *Id.*

On May 13, 2016, MIT's Chancellor sent Appellant a letter denying his appeal, stating that the responsibility finding was not substantially against the weight of the evidence and that expulsion was within the range of permissible sanctions. *Id.* at p. A27 (¶ 55). Appellant was thereafter expelled. *Id.* at p. A27 (¶ 56).

## II. __Relevant Procedural History.__

On December 16, 2021, more than five years after his expulsion, Appellant filed a Complaint against MIT. App. at pp. A6–A36. The Complaint asserted three claims: breach of contract (Count I), promissory estoppel (Count II), and breach of contract/common law denial of basic fairness/arbitrary and capricious decision-making (Count III). *Id.* at pp. A28–A34.[3] Simultaneously with the filing of the Complaint, Appellant moved for permission to proceed under the pseudonym "John Doe." *Id.* at p. A39. In support of the Pseudonym Motion, a declaration was submitted by Appellant's attorney, Tara Davis. *Id.* at pp. A42–

---

[3]     The Complaint contains over a dozen paragraphs discussing Title IX of the Education Amendments of 1972, the April 4, 2011 Dear Colleague Letter from the Office for Civil Rights ("OCR"), the OCR's 2014 "Questions and Answers on Title IX and Sexual Violence," and "developments in Title IX [that] post-dated the events of this case…" App. at pp. A13–A18, A20–A21 (¶¶ 21–34, 38–41). This prolix recitation is unwarranted given that Appellant does not and cannot assert a claim under Title IX.

3

A44.  No affidavit or declaration was submitted by Appellant or anyone else with personal knowledge of the circumstances involved in Appellant's underlying disciplinary proceedings at MIT, or the impact litigating under his true name may have on Appellant.

On December 21, 2021, the District Court (Stearns, J.) entered an electronic order denying Appellant's Pseudonym Motion.  Appellant Brief at p. ADD1.  In denying the Pseudonym Motion, the District Court found that the harm Appellant claimed he would suffer if required to proceed under his true name was "speculative conjecture insufficient to overcome the presumption of public access" to judicial records.  *Id.*  Pursuant to the Pseudonym Order, Appellant had until January 11, 2022, to file an amended complaint under his true name.  *Id.*

On January 10, 2022, Appellant filed a Motion for Reconsideration of Plaintiff's Motion to Proceed Under Pseudonym.  App. at p. A58.[4]  On January 11, 2022, the District Court entered an electronic order denying Appellant's Motion for Reconsideration and stayed the proceedings to allow Appellant to seek collateral review of the Pseudonym Order.  Appellant Brief at p. ADD2.

---

[4]      In Appellant's Motion for Reconsideration, Appellant, for the first time, sought pseudonym status for Jane Roe.  App. at p. A58.  The Pseudonym Motion, which is at issue in this appeal, did not seek pseudonym status for Jane Roe.  *Id.* at p. A39.

On January 19, 2022, Appellant filed a Notice of Appeal.  *See* App. at p. A4 (Dkt. 15).

## SUMMARY OF ARGUMENT

The appropriate standard of review for the District Court's order denying the Pseudonym Motion is for abuse of discretion.  The District Court acted within its discretion in denying the Pseudonym Motion.

The District Court properly weighed appropriate factors in deciding that Appellant cannot proceed with the underlying litigation in this matter pseudonymously.  There is a presumption in favor of public access to judicial records, including, and as relevant here, the identities of the parties to a lawsuit. Appellant failed to articulate sufficient justification to overcome this presumption and instead relied upon generalized assertions of potential harm that could occur if he were required to proceed with the litigation using his true name.  Appellant did not identify any harm that is reasonably likely to fall upon him specifically, as opposed to any party accused of sexual misconduct, if he were required to use his true name in this litigation.  To the extent Appellant did purport to articulate any harm that may occur if required to use his true name, such harm is appropriately categorized as embarrassment or economic harm, which has been routinely found to not be sufficient to overcome the presumption in favor of public access to judicial records.

The District Court did not commit an error when it did not analyze the Pseudonym Motion under multi-factor tests utilized in other jurisdictions, but never adopted by this Court or the District Court. Rather, the District Court acted appropriately in applying a standard recognized by this Court when analyzing motions pertaining to the non-disclosure of information in the judicial record to the Pseudonym Motion.

This Court should reject Appellant's suggested approach to analyzing motions to proceed under pseudonym, which would effectively result in a party's ability to be cloaked in anonymity in any litigation that involves accusations of sexual misconduct. Appellant's suggested approach would undermine the purpose of Federal Rule of Civil Procedure 10(a) and the presumption favoring public access to judicial records.

## ARGUMENT

## I. Standard Of Review.

The parties agree that the District Court's order denying the Pseudonym Motion, in which Appellant sought to shield his identity from the public, is a collateral order within this Court's jurisdiction to review. However, contrary to Appellant's conclusory assertion, this case does not involve "legal determinations" subject to *de novo* review. *See* Appellant Brief at p. 22. Rather, the District Court applied the law requiring the naming of all parties in the title of a Complaint, *see*

Fed. R. Civ. P. 10(a), and recognized exceptions to this law, to Appellant's factual allegations and arguments concerning use of a pseudonym in the underlying proceedings in rendering its decision. *See Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 516 (1st Cir. 2009) ("the district court's findings of fact and applications of law, as opposed to its ultimate legal conclusions, evoke a more deferential standard of review"); *U.S. v. Billmyer*, 57 F.3d 31, 35 (1st Cir. 1995) ("legal rulings are reviewed *de novo*, while more deferential standards of review apply to factual findings or application of known legal rules to specific facts"). As reflected in the District Court's orders, after applying such legal rules to the factual allegations at issue, the Court determined that Appellant did not establish the "exceptional circumstances [ ] required to overbear the public's right to access," and denied Appellant's request. *See* Appellant Brief at p. ADD1 (internal quotation marks omitted). The District Court, thus, did not make any ultimate legal conclusions or legal determinations concerning Appellant's use of a pseudonym that would justify application of *de novo* review here, and a more deferential standard should be applied.

Indeed, this Court recently confirmed that a district court's denial of a plaintiff's motion to proceed under pseudonym is reviewed for abuse of discretion. *See Dismukes v. Brandeis Univ.*, No. 21-1409, at *1–2 (1st Cir. Apr. 19, 2022) (finding no abuse of discretion in denying plaintiff's motion to proceed under

pseudonym in Title IX case involving allegations of sexual misconduct against the plaintiff). This Court's application of an abuse of discretion standard of review in such circumstances is consistent with nearly every circuit court that has had the occasion to address the use of pseudonymous or fictitious names by a plaintiff. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) ("our review of a district court's decision to grant or deny an application to litigate under a pseudonym is for abuse of discretion"); *Doe v. Coll. of New Jersey*, 997 F.3d 489, 494 (3d Cir. 2021) ("consider[ing] whether the District Court abused its discretion in denying Doe's motion to proceed anonymously"); *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) ("We review a district court's pseudonymity decision under an abuse-of-discretion standard."); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (reviewing district court's grant of plaintiffs' motion for a protective order allowing plaintiffs to proceed pseudonymously for an abuse of discretion); *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011) (noting that on question of "whether it was proper for the district court to permit the Does to proceed using pseudonyms to protect their anonymity. ... [w]e review the district court's decision on this matter for an abuse of discretion"), *rev'd en banc on different grounds*, 687 F.3d 840 (7th Cir. 2011); *Doe v. Univ. of Arkansas*, 713 Fed. App'x 525, 526 (8th Cir. 2018) (Unpublished) (finding "no abuse of discretion" with respect to "the district court's pre-service

denial of [Doe's] motion to file suit under a pseudonym"); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) ("We now examine the district court's decision not to allow plaintiffs to remain anonymous at this preliminary stage of the litigation. We review a district court's case management decisions for an abuse of discretion."); *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) ("We believe that the proper standard of review upon appeal is whether the trial court abused its discretion, and hold that it did not err in refusing to permit the action to be carried on under the John Doe pseudonym."); *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246 (11th Cir. 2020) ("We review a district court's ruling on a party's use of a pseudonym for abuse of discretion."). Consistent with this Court's decision in *Dismukes* and the consensus among the circuit courts that have reviewed orders denying use of pseudonymous names for plaintiffs, the District Court's decision in the immediate matter must be reviewed for abuse of discretion.

"An abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37 (1st Cir. 2012) (internal quotation marks omitted). Review based on abuse of discretion means that "when judicial action is taken in a discretionary matter, such action

cannot be set aside by a reviewing court unless it has a definite and firm conviction

that the court below committed a clear error of judgment in the conclusion it

reached upon a weighing of the relevant factors." *Schubert v. Nissan Motor Corp.*

*in U.S.A.*, 148 F. 3d 25, 30 (1st Cir. 1998) (quoting *In re Josephson*, 218 F.2d 174,

182 (1st Cir. 1954)).

## II.   <u>The District Court Properly Denied Appellant's Motion To Proceed Pseudonymously.</u>

The District Court's denial of Appellant's motion to proceed

pseudonymously is consistent with this Court's recognition of "the common-law

presumption in favor of public access to judicial records." *See Nat'l Org. for*

*Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011). "[O]nly the most compelling

reasons can justify non-disclosure of judicial records," and, thus, overcome the

presumption in favor of public access. *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830

F.2d 404, 410 (1st Cir. 1987) (internal quotation marks omitted). It is the burden

of the party seeking to overcome the presumption of public access to demonstrate

the compelling reasons justifying non-disclosure. *See Nat'l Org. for Marriage*,

649 F. 3d at 71 (noting the district court's finding that the party seeking to seal

certain records failed to overcome the presumption); *MacInnis v. Cigna Grp. Ins.*

*Co. of Am.*, 379 F.Supp.2d 89, 90 (D. Mass. 2005) ("In determining whether a

litigant may proceed anonymously ... [t]he burden is upon the proponent to

demonstrate the need for confidentiality."). Fear of embarrassment or economic

harm resulting from public identification are not sufficient justifications for non-disclosure of a plaintiff's identity. *See Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998); *see also Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) (request to proceed pseudonymously denied for plaintiff alleging sexual assault involving potential HIV infection because "[p]laintiff's fundamental concern seems to be embarrassment, which is not, in itself, grounds for proceeding under a pseudonym").

Appellant has failed to identify compelling reasons to justify non-disclosure of the judicial records at issue here, namely his identity. In reaching its decision, the District Court considered and balanced the relevant and appropriate factors recognized in this circuit when assessing a motion to proceed under pseudonym. The District Court summarized Appellant's reasoning for non-disclosure as an "expressed 'fear[]' concern[ing] 'the highly sensitive nature and privacy issues that could be involved with being identified as a perpetrator of sexual assault.'" *See* Appellant Brief at p. ADD1. The District Court concluded that Appellant's concerns that disclosure of his identity in the judicial record "would 'result in significant harm ... including physical, psychological, emotional, and reputational damages, economic injuries, and the loss of educational and career opportunities'" were mere "speculative conjecture insufficient to overcome the presumption of public access." *See id*. As reflected in its decision, the District Court appropriately

11

began its analysis by recognizing the presumption in favor of public access to judicial records, considered Appellant's arguments for rebutting the presumption, and concluded that Appellant's arguments were insufficient to overcome the presumption of public access to judicial records and denied the Pseudonym Motion.

Indeed, the District Court's decision is well-supported by the record, which demonstrates that Appellant's arguments for proceeding pseudonymously are based on generalized concerns of embarrassment and economic harm that he claims may result from public disclosure of his identity in this case. In the Pseudonym Motion, Appellant argues that he should be allowed to proceed pseudonymously because of the "highly sensitive and personal nature associated with being falsely accused of sexual misconduct." *See* App. at p. A51. However, Appellant fails to articulate what impact proceeding under his true name would have on him specifically beyond mere embarrassment or economic harm and instead relies on generalized concerns of "physical, psychological, emotional, and reputational damages, economic injuries, and the loss of educational and career opportunities." *Id.* at p. A53. Appellant's only support for his asserted need to proceed pseudonymously comes not from an affidavit submitted by Appellant, but rather from a declaration submitted by Appellant's counsel, who evidences no personal knowledge of the underlying disciplinary proceedings at MIT and who

offers generalized and conclusory averments as to the purported impact that proceeding under his true name will have on Appellant, as distinguished from any plaintiff in a matter involving allegations of sexual misconduct. *See* App. at pp. A42–A44. These vague assertions from Appellant's lawyer of speculative harm cannot provide a compelling justification to overcome the presumption of public disclosure; otherwise, any party accused of sexual misconduct in litigation would have to be allowed to proceed anonymously upon request because they would be susceptible to suffering the same non-specific harms if required to disclose their true name. *See Doe v. Massachusetts*, No. CV 21-12034 NMG, 2022 WL 847151, at *1 (D. Mass. Mar. 22, 2022) (basis for use of pseudonym status being "the undescribed sensitive nature of the subject matter and personal nature of the matter and medical information that will be submitted in regard to the matter" found to be "wholly conclusory" by the Court in denying motion) (internal quotations omitted); *Doe v. Word of Life Fellowship, Inc.*, No. 11-40077-TSH, 2011 WL 2968912, at *2 (D. Mass. Jul. 18, 2011) (petitioner's "assertion that the disclosure of his identity would have serious impact on his and his family's life is not sufficiently particularized to overcome the public interest in open judicial proceedings") (internal quotations omitted).

It simply cannot be the case that a plaintiff who has been found responsible of sexual misconduct may proceed in a matter anonymously merely by reciting

non-specific potential harms they may suffer if required to disclose their name.[5]

The District Court did not abuse its discretion in rejecting this approach when

denying the Pseudonym Motion.

## III.    Appellant's Arguments in Reliance on Decisions of Other Circuits and District Courts are Misplaced and Fail to Identify Any Error in the District Court's Decision.

Appellant dedicates most of his appellate brief to describing how other

district courts and one other circuit court have analyzed motions to proceed under

pseudonym in cases involving a plaintiff who has been found responsible by a

higher education institution of sexual misconduct.  In doing so, Appellant suggests

that the District Court erred in its decision because it did not apply the multi-factor

tests that have been used in some other jurisdictions.  However, Appellant's

---

[5]    Appellant's arguments in support of the Pseudonym Motion are almost identical to those in memoranda in support of similar motions submitted by Appellant's counsel in other cases involving a plaintiff seeking use of a pseudonym where the underlying allegations involve student sexual misconduct. *Compare with* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order, *Doe v. Colgate Univ., et al.*, No. 5:17-CV-1298 (FJS/ATB) (N.D. N.Y. Nov. 27, 2017), ECF No. 2; Memorandum of Law in Support of Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order, *Doe v. Harvard Univ., et al.*, Civ. A. No. 18-cv-12150 (D. Mass. Oct. 15, 2018), ECF No. 3.  This further reflects Appellant's parroted approach to the Pseudonym Motion and the lack of particularity demonstrated by Appellant as to Appellant's specific need to proceed under pseudonym.  Instead of identifying reasons that the Appellant, as opposed to all plaintiffs in similar cases, requires pseudonym treatment, Appellant effectively restated the arguments that Appellant's counsel made in prior cases involving different facts and circumstances.

14

argument is fundamentally misguided in that it fails to recognize that decisions of other circuit courts are not controlling on the District Court or this Court. *See Benenson v. Comm'r of Internal Revenue*, 887 F.3d 511, 516 (1st Cir. 2018) ("A circuit need not follow other circuits' decisions where there appear cogent reasons for rejecting them.") (internal quotation marks omitted); *U.S. v. Mitchell*, 432 F.2d 354, 356 (1st Cir. 1970) ("[T]he decision of another circuit is not controlling here.").  In reviewing Appellant's motion to proceed pseudonymously, the District Court appropriately considered standards recognized in this circuit with respect to public access to judicial records and was under no obligation to apply approaches utilized in other jurisdictions before denying the Pseudonym Motion.

Even in advocating for the application of multi-factor tests utilized in some other jurisdictions to the matter at hand, Appellant continues in his failure to identify how requiring him to use his true name would have a harmful impact on him in particular, as opposed to any party to a lawsuit who has been accused of sexual misconduct, other than experiencing embarrassment or economic harm. Instead, Appellant merely summarizes how three other courts have addressed a plaintiff's motion to proceed pseudonymously, summarized the facts of those particular cases, and suggests that the same result should be rendered here.  In doing so, Appellant essentially argues that this Court should adopt a blanket exception to Federal Rule of Civil Procedure 10(a) to allow all plaintiffs

challenging a higher education institution's finding of sexual misconduct to proceed anonymously in their lawsuits.  Such a decision would be untenable, is not supported by caselaw in this or any other circuit, and would undermine the spirit of Rule 10(a) to "protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *See Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).  Nor does Appellant explain why those involved in sexual misconduct cases should categorically be treated differently than other litigants who face the disclosure of highly sensitive or embarrassing personal information, including parties to defamation, divorce, child custody, or medical malpractice cases, but who must nonetheless proceed under their true names.

## IV.   <u>Amici Briefs</u>

Several arguments in the Amici Briefs submitted in support of Appellant fail to address the issue subject to appeal and instead make "policy" arguments for allowing use of pseudonym status where the matter involves an underlying sexual misconduct proceeding on a college campus.  MIT briefly responds to such arguments.

First, the brief of Stop Abusive and Violent Environments (SAVE) exclusively sets forth policy arguments for why a Title IX plaintiff should be allowed to proceed anonymously in Title IX litigation.  Appellant's Complaint lacks any claims under Title IX, nor could Appellant bring a Title IX claim as the

statute of limitations has run on any such Title IX claim.  *See LeGoff v. Trustees of Boston Univ.*, 23 F. Supp. 2d 120, 127 (D. Mass. 1998) (concluding that a three-year statute of limitations applied to Title IX claims in Massachusetts); App. at pp. A7–A8 (¶ 5) (allegations stating that MIT denied Appellant's appeal on May 13, 2016, which was more than five years before Appellant filed his Complaint on December 16, 2021).  SAVE's brief fails entirely to address the District Court's decision or set forth arguments as to why Appellant, or a plaintiff asserting the types of contract-based claims asserted by Appellant, should be afforded pseudonym status.  Therefore, the brief submitted by SAVE offers no relevant analysis to aid in review of the issue before this Court.

Second, the brief submitted by Education Law Attorneys in support of Appellant essentially advocates for a blanket rule that anytime a case involves a plaintiff challenging a student sexual misconduct determination, that the plaintiff be afforded pseudonym status.  This, of course, is not the rule that has been adopted by this or any other court throughout the nation and would effectively nullify the presumption in favor of public access to judicial records.  Appellant's failure to identify any harm that is likely to result if required to proceed under his true name other than potential embarrassment or economic harm, is precisely the reason that no such blanket rule is appropriate and should not be considered by the Court here.

17

## **CONCLUSION**

For the reasons stated herein, this Court should affirm the District Court's

Order denying Appellant's Motion to Proceed Under Pseudonym and require

Appellant to refile this action under his true name if he wishes to proceed.

Respectfully submitted,

  /s/ Scott A. Roberts
Scott A. Roberts (First Circuit No. 6866)
*sroberts@hrwlawyers.com*
Mark Macchi (First Circuit No. 1185139)
*mmachi@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
(617) 348-4300

## <u>CERTIFICATE OF COMPLIANCE UNDER FED. R. APP. P. 32(A)(7)</u>

I hereby certify that this brief complies with the type-volume limitation of F. R. App. P. 32(a)(7)(B) because: (1) this brief contains 4,180 words as counted using the word count feature of Microsoft Word for Office 365, excluding the parts of the brief exempted by Fed. R. App. 32(f); and (2) this brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in 14 point proportionally spaced typeface using Times New Roman font.

   /s/ Scott A. Roberts
Scott A. Roberts (First Circuit No. 6866)
*sroberts@hrwlawyers.com*
Mark Macchi (First Circuit No. 1185139)
*mmachi@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
(617) 348-4300

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2022, the foregoing Defendant-Appellee's Brief was filed electronically with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record, if registered as ECF filers, will be served by the CM/ECF system and priority mail, postage prepaid upon:

Philip Byler, Esq.
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001

/s/ Scott A. Roberts
Scott A. Roberts (First Circuit No. 6866)
    *sroberts@hrwlawyers.com*
Mark Macchi (First Circuit No. 1185139)
    *mmachi@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
(617) 348-4300