

SCOTT A. ROBERTS
(617) 348-4340
SRoberts@hrwlawyers.com

July 29, 2022

<u>**BY MAIL and ECF Filing**</u>
Maria R. Hamilton
Clerk of the Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

  **Re:** ***Doe v. Massachusetts Institute of Technology*, 22-1056**
     **Supplemental Authority Pursuant to Fed. R. App. P. 28(j)**

  During argument, Judge Selya invited Appellee to submit authority regarding its position that when a student files suit against an educational institution, the exception in 34 C.F.R. § 99.31(a)(9)(iii)(B) ( "FERPA Exception") permits the institution to disclose that student's relevant education records publicly to the court, as opposed to being required to file the same under seal.

  In *Plaintiff v. Wayne State University*, No. 20-cv-11718, 2021 WL 243155, at *5 (E.D. Mich. Jan. 29, 2021), the court denied plaintiff's motion to proceed anonymously in a Title IX lawsuit, noting with approval his former school's argument under the FERPA Exception "that Plaintiff has already consented to the disclosure of his educational records" and "question[ing] Plaintiff's privacy concerns in light of this exception." *Id.* The court did not suggest that the FERPA Exception required a sealed filing, but rather "emphasize[d] that Plaintiff can move for protective orders and other remedies throughout the course of discovery to protect such information from being disclosed to the public." *Id.* Appellant has similar recourse here.

  The FERPA Exception allows disclosure of Appellant's education records but not those of other students, including the Complainant and witnesses in the underlying proceeding, whose records remain subject to FERPA's protections. If discovery requires production of education records containing identifying information about other MIT students, MIT will redact them. *See Policy Letter to Attorney For School District,* 10/31/2003 (school complied with FERPA when it

redacted information about other students from records produced to student accused of misconduct).[1] *See also Metcalf v. Yale University*, No. 15-cv-1696 (VAB), 2017 WL 627423, at *6 (D. Conn. Feb. 15, 2017) (ordering disclosure of education records with personal identifiers of nonparties redacted).

MIT's policies afford confidentiality to student education records, but the FERPA Exception applies because Appellant chose to file suit against MIT. If Complainant had sued instead, it would be Complainant's records that would be subject to disclosure to the court, and Appellant's FERPA protections would be unaffected. But that is not this case, in which Appellant's initiation of legal action permits disclosure of his relevant education records.

Sincerely,

*/s/ Scott A. Roberts*

Scott A. Roberts


cc:    Philip A. Byler, Esq. (via ECF and First-Class Mail)
       Andrew T. Miltenberg, Esq.  (via ECF and First-Class Mail)

---

[1] https://www2.ed.gov/policy/gen/guid/fpco/ferpa/library/1031.html.